**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ABDUL REHMAN FARRUKH,**

     **Plaintiff,**

v.　　　　　　　　　　　　　　　　**CASE NO.: 8:20-cv-73-T-33TGW**

**UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,**

     **Defendant.**

_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES (the "Board" or "USF"), pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Third Amended Complaint (Dkt. No. 39; TAC) of Plaintiff, ABDUL REHMAN FARRUKH ("Farrukh" or "Plaintiff"). Plaintiff initiated this action nearly a year ago, on January 11, 2020, and was provided with *four* opportunities to comply with the basic pleading standard before Defendant was served with a copy of the complaint. Plaintiff, having now retained counsel and having the benefit of two orders of this Court explaining the specific and basic deficiencies in his pleadings, still fails to state a claim in the Third Amended Complaint. Even with the assistance of counsel and the extraordinary efforts of the magistrate judge to explain the deficiencies in his pleadings, Plaintiff cannot state a claim and therefore should not be given a fifth opportunity to try to state a claim that he plainly does not have.

Moreover, nearly a year ago, the Court instructed Plaintiff that he had 90 days to serve the complaint and that "[i]t is [his] responsibility to ensure service of process occurs within the 90-day window." (Order (Dkt. No. 7)). The Court additionally explained that Plaintiff could seek an

extension of this deadline by filing a motion. (Id. at 5). It warned Plaintiff that he "must abide by and comply with all orders of this Court" and that "[f]ailure to do so may result in sanctions, including dismissal of this case." (Id. at 9). On March 20, 2020, June 15, 2020, August 7, 2020, and October 2, 2020, Plaintiff filed four additional motions to extend the time to serve Defendant. In granting the last motion, the Court extended the time to serve Defendant until December 1, 2020, and indicated that "[t]he plaintiff may request additional time as needed, for good cause shown." (Endorsed Order (Dkt. No. 32)). After retaining counsel, however, Plaintiff did not serve Defendant by December 1, 2020, nor did his counsel file a motion to extend the December 1, 2020, deadline or articulate any good cause for why Plaintiff needs a *fifth* extension of this deadline. Indeed, Plaintiff has had more than 330 days to serve Defendant. Even though Plaintiff's counsel made an appearance on November 25, 2020, he did not even provide a complete proposed summons until December 7, 2020, which was six days after the deadline to effect service. As a result, Plaintiff has failed to effect proper service on Defendant, and this action must be dismissed pursuant to Rules 4(m) and 12(b)(5).

Finally, Plaintiff's state law claims against USF, a state entity, are barred by the Eleventh Amendment and therefore the Court lacks jurisdiction over these claims. The grounds for this Motion are set forth in further detail below.

## MEMORANDUM OF LAW

### I. Background

On January 10, 2020, Plaintiff filed a complaint against Defendant, along with 11 individuals, alleging six counts, including 42 U.S.C. § 1981, 42 U.S.C. § 1983, defamation, negligence, intentional infliction of emotional distress, and breach of contract. (See Verified Complaint (Dkt. No. 1)). On January 21, 2020, Plaintiff filed an amended complaint to correct

"scrivener's errors." (See Verified Complaint (Dkt. No. 5; Amended Complaint)). Three days later, the Court entered an Order "to inform Plaintiff of some of the procedural rules with which Plaintiff must comply." (Order (Dkt. No. 7) at 1). Specifically, as noted above, the Court instructed Plaintiff that he had 90 days to effect service on the defendants. (Id. at 4-5). It explained that, Plaintiff's pending motion to proceed in forma pauperis did not relieve Plaintiff of his obligation to timely effect service. (Id. at 5). It also explained to Plaintiff that he could move for an extension of this deadline, which he did four times extending the deadline for service until December 1, 2020. (Id.; Endorsed Order (Dkt. No. 32)). In this initial Order, the Court cautioned Plaintiff that he was required to "abide by and comply with all orders of this Court" or he may face the sanction of dismissal. (Order (Dkt. No. 7) at 9). The Court also granted Plaintiff's request to file documents electronically. (See Order (Dkt. No. 11)). In this Order, the Court again reminded Plaintiff of his obligation to comply with the rules. (Id. at 2).

On March 20, 2020, Plaintiff filed a motion to extend the time to serve the defendants, which the Court granted, providing Plaintiff with an additional 90 days to effect service. (Endorsed Order (Dkt. No. 14)). It provided that Plaintiff "may request additional time as needed, for good cause shown." (Id.).

On April 2, 2020, the magistrate judge entered a Report and Recommendation (Dkt. No. 16), finding that Plaintiff's Amended Complaint "does not provide a short and plain statement of the facts supporting his claims" and recommending that "the complaint be dismissed without prejudice and that the plaintiff be given an opportunity to file an amended complaint which states a cognizable claim that complies with the Federal Rules of Civil Procedure." (Id. at 1). Specifically, the magistrate judge found that "the plaintiff throws plural claims into each count" in violation of Rule 10(b), which requires "each claim founded on a separate transaction or

3

occurrence . . . must be stated in a separate count." (Id. at 2). The magistrate judge also found that "the plaintiff asserts mostly conclusory allegations of wrongdoing." (Id. at 5). On April 20, 2020, the Court adopted the Report and Recommendation, dismissed Plaintiff's Amended Complaint without prejudice, and provided Plaintiff with 30 days to file a second amended complaint. (Order (Dkt. No. 20) at 2). Plaintiff filed two emergency motions to extend the time to file the second amended complaint, which were granted. (See Endorsed Order (Dkt. No. 22); Endorsed Order (Dkt. No. 24)). On June 5, 2020, Plaintiff filed a second amended complaint, which contained 15 counts against 13 defendants. (Second Amended Complaint for Equitable & Injunctive Relief & Damages & Demand for Jury Trial (Dkt. No. 25; SAC)). In particular, Plaintiff added Counts I and II under Title VI of the Civil Rights Act of 1964, which continue to be included in the Third Amended Complaint. (SAC ¶¶ 19-97).

    On June 15, 2020, Plaintiff sought to extend the deadline to serve Defendants, which the Court granted the next day. (See Endorsed Order (Dkt. No. 27)). The Court provided Plaintiff with another 60 days to serve the defendants and stated that "Plaintiff may request additional time as needed, for good cause shown." (Id.). Two months later, Plaintiff sought a third extension of time to serve the defendants, which the Court granted on August 10, 2020. (See Endorsed Order (Dkt. No. 29)). It provided Plaintiff with another 60 days to serve the defendants and explained that Plaintiff could seek to extend this deadline by filing a motion and demonstrating good cause. (Id.). Plaintiff filed his fourth and final motion for extension of time on October 2, 2020, which the Court granted the same day. (See Endorsed Order (Dkt. No. 32)). It provided Plaintiff with another 60 days from the date of the Order or until December 1, 2020, to serve the defendant. (Id.). Although it reminded Plaintiff that he could request additional time upon a showing of good cause,

Plaintiff failed to file any subsequent motion to extend the deadline to effect service. (Id.). Thus, the deadline for Plaintiff to effect service on Defendant was December 1, 2020. (Id.).

On September 30, 2020, the magistrate judge entered a Report and Recommendation (Dkt. No. 30), recommending that Plaintiff's Second Amended Complaint be dismissed with leave to amend because the complaint was "vague and blatantly conclusory." (Id. at 1). Specifically, the magistrate judge found that the second amended complaint was "still woefully deficient." (Id. at 4). First, the magistrate judge found that the second amended complaint was a shotgun pleading and that it is "riddled with 'conclusory, vague, and immaterial facts' that are unrelated to the causes of action." (Id. at 5). Next, the magistrate judge observed that the allegations are "overly conclusory and vague" and that the claims are "legally and factually unsupported." (Id.).

In particular, in Count I (the Title VI claim of discrimination), the magistrate found that it did not allege a prima facie claim of discrimination. (Id.). He recognized that, to state a claim, Plaintiff must prove: (1) he was a member of a protected class; (2) "[he] was denied participation in a federally funded program because of [his] race or national origin; and (3) [he] is otherwise qualified to receive the benefit [he] claims [he] was denied." (Id.). The magistrate judge found that Plaintiff "does not show that USF treated other similarly situated students who were not members of his class more favorably or allege any other basis for inferring discrimination." (Id.). Additionally, Plaintiff failed to show that he was otherwise qualified for the benefit denied. (Id.). Instead, the magistrate judge observed, "the plaintiff provides an 11-page narrative of mostly irrelevant events" and makes conclusory statements of disparate treatment. (Id. at 6-7). As the magistrate judge explained, "[s]uch broad, conclusory allegations of wrongdoing will not suffice." (Id. at 7).

Likewise, the magistrate judge found the allegation of retaliation in violation of Title VI to be insufficient. (Id. at 7-8). As the magistrate judge concluded, Plaintiff's "complaint is deficient because it is not clear there was a causal link between the adverse action and the protected activity – nor is it even clear what constitutes the protected activity in this case." (Id. at 8). As a result, he found that the retaliation claim fails. (Id.).

Even though Plaintiff had been given several opportunities to amend his complaint, the magistrate judge recommended providing Plaintiff with another opportunity to attempt to state a claim. (Id. at 15). However, the magistrate judge cautioned that "the court can only allow so many opportunities to amend the complaint before it must be dismissed with prejudice for failure to comply with the Rules of Civil Procedure." (Id. at 14-15).

On October 19, 2020, the Court adopted the magistrate judge's Report and Recommendation, dismissed the Second Amended Complaint without prejudice, and provided Plaintiff with 30 days to file an amended complaint. (Order (Dkt. No. 33) at 3). Plaintiff requested an extension of time to file the third amended complaint, which was granted until November 25, 2020. (Endorsed Order (Dkt. No. 35)). While Plaintiff filed another extension motion on November 24, 2020, the Court denied the motion finding that Plaintiff "has been given enough time and enough opportunity to file an amended complaint." (Endorsed Order (Dkt. No. 37)). Specifically, the Court explained: "After granting six 'emergency' motions, the Court has reached its limit. The seventh request is denied." (Id.). The next day, on November 25, 2020, counsel for Plaintiff filed a notice of appearance and the Third Amended Complaint (Dkt. No. 39).

Plaintiff, however, failed to timely serve Defendant, despite having months to do so. Indeed, Plaintiff's counsel did not properly request a summons until after the deadline for service. Even if Plaintiff could overcome the deficient service, his Third Amended Complaint still fails to

state a claim upon which relief can be granted for the same reasons the Court found the Second Amended Complaint to be deficient. Finally, Count III to VIII of the Third Amended Complaint are brought under state law, but Defendant is immune from suit in federal court on state law claims under the Eleventh Amendment. Therefore, the state law claims must be dismissed.

**II.     Legal Argument**

      **A.     Rule 12(b)(1) Standard**

Rule 12(b)(1) motions to dismiss assert a lack of subject matter jurisdiction. Eleventh Amendment immunity analysis is appropriately conducted under 12(b)(1) where it does not implicate the merits. See Thomas v. U.S. Postal Service, 364 F. App'x 600, 601 (11th Cir. 2010) ("[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists."); Ostroff v. State of Fla., Dep't of Health & Rehab. Servs., 554 F. Supp. 347, 355 n.13 (M.D. Fla. 1983) (electing to analyze the state agency defendant's Eleventh Amendment defense under Rule 12(b)(1)).

      **B.     Rule 12(b)(5) Standard**

Rule 12(b)(5) allows a party to raise a defense based on insufficient service of process, including the failure to comply with Rule 4(m). Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 920 (11th Cir. 2003); see also EMI Sun Vill., Inc. v. Catledge, 779 F. App'x 627, 634 (11th Cir. 2019); Holliday v. Syndicate 3000 at Lloyd's, Underwriters at London, No. 8:17-CV-2063-T-33AEP, 2018 WL 2214648, at *3 (M.D. Fla. May 15, 2018), reconsideration denied, No. 8:17-CV-2063-T-33AEP, 2018 WL 2388554 (M.D. Fla. May 25, 2018).

"A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m)." Anderson v. Osh Kosh B'Gosh, 255 F.

App'x 345, 347 (11th Cir. 2006); Holliday, 2018 WL 2214648, at *3 (granting a motion to dismiss under Rule 12(b)(5) when Plaintiff failed to timely serve the summons and complaint on Defendant); Rumbough v. Nat'l Consumer Telecom & Utilities Exch., No. 617CV956ORL18GJK, 2017 WL 10058574, at *2 (M.D. Fla. Dec. 13, 2017) (granting the defendant's motion to dismiss under Rule 12(b)(5) when the plaintiff failed to serve the defendant within 90 days and offered no good cause for his failure to comply with Rule 4(m)), aff'd sub nom., Rumbough v. Comenity Capital Bank, 748 F. App'x 253 (11th Cir. 2018).

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own motion after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). If the plaintiff provides good cause, the court must extend the time for service. Good cause, however, is defined as "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).

    **C.**    **Rule 12(b)(6) Standard**

Rule 12(b)(6) allows a party to raise a defense based on "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a pleading "must plausibly allege all the elements of the claim for relief." Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1339 (11th Cir. 2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

That maxim, however, does not apply to "labels and legal conclusions." Id. Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Mere naked assertions are insufficient. Id. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570.) "A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." Id.

### D. Plaintiff Failed to Comply with Rule 4(m) and the Court's Order Setting the Extended Deadline for Service

Despite the Court's order setting the service deadline for December 1, 2020, after four extensions of time and retaining counsel, Plaintiff did not provide the Clerk with a complete proposed summons until December 7, 2020. (See Proposed Summons (Dkt. No. 43)).[1] That same day, Plaintiff paid the filing fee and the magistrate judge denied Plaintiff's motion to proceed in forma pauperis as moot. (See Order (Dkt. No. 44)). At the time that the service deadline expired, Plaintiff was represented by counsel, but still did not file a motion to extend the deadline to effect service on Defendant.

Nonetheless, Plaintiff served Defendant on December 21, 2020, which was twenty days after the extended deadline to effect service. Plaintiff has not sought to extend the deadline for a

---

[1] On November 25, 2020, Plaintiff's counsel filed a proposed summons, but it was incomplete and could not be entered by the Clerk. (See Proposed Summons (Dkt. No. 40); see also Proposed Summons (Dkt. Nos. 41, 42)).

9

*fifth* time and cannot establish good cause for his failure to promptly and timely serve Defendant or his failure obtain a summons within the extended deadline for service. Indeed, Plaintiff cannot show that some outside factor, not inadvertence or negligence, caused the untimely service, which is required to establish good cause. Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). In addition, the Court repeatedly warned Plaintiff that he was required to follow the Rules and the Court's Orders. The Court granted Plaintiff four extensions of time and expressly told him that he could seek another extension of time if he could show good cause. After retaining counsel, Plaintiff, however, did not present a properly completed summons to the Clerk until after the deadline for service expired and failed to request a fifth extension of the deadline or establish good cause for his failure to timely serve Defendant. Indeed, service on Defendant was easily accomplished by email on December 21, 2020. Plaintiff has not even attempted to establish good cause to excuse his untimely service. Therefore, this action should be dismissed for insufficient service of process under Rules 4(m) and 12(b)(5) and this Court's Orders.

### E. Plaintiff's State Law Claims Must Be Dismissed For Lack of Subject Matter Jurisdiction

The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state. "In Florida, sovereign immunity is the rule, rather than the exception." Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So.2d 4, 5 (Fla. 1984). The Eleventh Amendment extends to state agencies and other arms of the state. Univ. of S. Fla. Bd. of Trustees v. CoMentis, Inc., 861 F.3d 1234, 1235 (11th Cir. 2017). State agencies are immune from suit under the Eleventh Amendment unless their immunity is either waived by the state or abrogated by Congress. Gamble v. Fla. Dept. of Health and Rehabilitative Service, 779 F.2d 1509, 1511 (11th Cir. 1986).

Florida defines the Board to be a part of the state government. See Fla. Stat. § 1000.21(6)(j). Specifically, the state of Florida has declared that the "boards of trustees [of state universities] are a part of the executive branch of state government." Id. § 1001.71(3). The state therefore clearly defines USF to be a part of its government. See CoMentis, Inc., 861 F.3d at 1235.

Even if Plaintiff has a valid state law claims, which Defendant disputes, these claims are barred by sovereign immunity. See, e.g., Biggs v. State of Fla. Bd. of Regents, No. 1:96-CV-185-MMP, 1998 WL 344349, at *2 (N.D. Fla. June 11, 1998) ("This Court agrees with Defendant, and joins its sister courts in the Middle and Southern Districts of Florida which have explicitly held that the Eleventh Amendment serves as a bar to suits against state agencies brought under FCRA, based on the fact that the Florida Legislature made no waiver of such immunity and did not consent to be sued in federal court on claims brought thereunder when it enacted FCRA.").

Florida has not waived its immunity from suit in federal court for such claims. See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287-88 (11th Cir. 2003); Biggs, 1998 WL 344349, at *2. Because Florida has not waived its Eleventh Amendment immunity, this Court lacks jurisdiction to decide Plaintiff's state law claims. Id. Accordingly, Counts III, IV, V, VI, VII, and VIII of Plaintiff's Third Amended Complaint must be dismissed for lack of subject matter jurisdiction.

### F. Plaintiff's Third Amended Complaint Fails to State a Federal Claim

In the Third Amended Complaint, Plaintiff, now represented by counsel, asserts two federal claims in this action in Counts I and II. These claims are brought under Title VI of the Civil Rights Act of 1964 and already have been dismissed by this Court for failure to state a claim. Despite providing Plaintiff with another opportunity to state a claim, Counts I and II of the Third Amended Complaint still fail to state a claim upon which relief could be granted.

Unlike his previous attempt to state a claim for a violation of Title VI of the Civil Rights Act, the Third Amended Complaint was prepared and filed by counsel. (See generally Third Amended Complaint). Therefore, Plaintiff is no longer entitled to a liberal construction of this pleading. Mena v. McArthur Dairy, LLC, 352 F. App'x 303, 309 (11th Cir. 2009); McQueen v. Alabama Dep't of Transportation, No. 2:17-CV-215-TFM, 2018 WL 2709319, at *4 (M.D. Ala. June 5, 2018). Likewise, as a represented party, the Court has no obligation to continue to grant additional opportunities to Plaintiff to meet the basic pleading standards when he cannot do so after retaining counsel and having the benefit of the magistrate judge's detailed explanation of the deficiencies in his pleadings in two separate orders. See Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998).

**1. Plaintiff's Third Amended Complaint Continues to Be a Shotgun Pleading**

The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings. Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1125–26 (11th Cir. 2014) (citation omitted); Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) ("T.D.S. was this Court's first shot in what was to become a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight."). The Eleventh Circuit has explained why these pleadings are improper:

> The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules.

Weiland, 792 F.3d at 1320 (citation omitted); see also Kelsey v. United States, No. 3:18-cv-1009-J-32MCR, 2018 WL 7021613, at *2 (M.D. Fla. 2018) (citation and internal marks omitted), report and recommendation adopted by, 2019 WL 186645, at *1 (M.D. Fla. 2019).  The Eleventh Circuit has also warned that failing to rectify "shotgun" pleadings at an early stage leads to costly, voluminous, and unnecessary discovery that serves no purpose in bringing claims to efficient resolution.  See Paylor, 748 F.3d at 1125–28; Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

The Eleventh Circuit has recognized four different types of shotgun pleadings, which are all impermissible under the rules.  The first type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d at 1321.  The second type is one that "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322.  The third type is "one that commits the sin of not separating into a different count each cause of action or claim for relief."  Id. at 1322–23. The fourth type is where the plaintiff asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  Id. at 1323.  In all of these shotgun pleadings, the common characteristic "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Id.

As the Court previously recognized, Plaintiff's Second Amended Complaint was a shotgun pleading as it was replete with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  (R&R at 5).  Even with the benefit of counsel, Plaintiff has not

remedied this deficiency.  Instead, Count I in the Third Amended Complaint contains 77 paragraphs while Count I in the Second Amended Complaint contained 72 paragraphs.  Thus, in this count, Plaintiff continues to include many of the same conclusory, vague, and immaterial facts included in the Second Amended Complaint.

As this Court recognized, another type of shotgun pleading is "one that commits the sin of not separating into a different count each cause of action or claim for relief."  Weiland, 792 F.3d at 1321.  The Court repeatedly has instructed Plaintiff that Rule 10(b) requires Plaintiff to plead each claim founded on a separate transaction or occurrence in a separate count.  Plaintiff, however, repeatedly has failed to follow this direction even with the benefit of counsel.  Indeed, in the Third Amended Complaint, Plaintiff is still attempting to include a harassment claim in this discrimination count.  (Compare TAC ¶¶ 78-79 with SAC ¶¶ 84-85 (containing the identical allegations)).  In addition to Plaintiff's failure to plead facts to support a harassment claim, it is well settled that it is improper to plead both a disparate treatment and harassment claim in the same count.  See Mora-Gillespie v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., No. 5:99-CV-93-OC-10C, 2000 WL 33323082, at *3 (M.D. Fla. Feb. 3, 2000) (granting the defendant's motion for a more definite statement where the complaint brought "three separate and distinct employment discrimination claims"—disparate treatment, hostile work environment, and constructive discharge—within the discrimination counts under Title VII and the FCRA); see also Hand v. Univ. of Alabama Bd. of Trustees, 304 F. Supp. 3d 1173, 1185 (N.D. Ala. 2018) (directing the plaintiff to "separate each theory of relief under Title VII . . . (e.g., disparate theory discrimination, hostile work environment, failure to accommodate) into a separate count"); see also Harris v. Public Health Trust of Miami-Dade County, Case No. 1:19-cv-25298-KMM, 2020 WL 1933169, at *4 (S.D. Fla. Apr. 14, 2020) (dismissing the plaintiff's complaint for failure to comply with

Federal Rule of Civil Procedure 10(b) for "impermissibly combin[ing] claims for a hostile work environment and discrimination" because "the creation of a hostile work environment and the termination of an employee (*i.e.*, disparate treatment) . . . are separate causes of action") (citation omitted)).

### 2. Count I Fails to State a Claim for Discrimination Under Title VI of the Civil Rights Act.

As explained above, Plaintiff's claim in Count I is substantially similar to Count I in the Second Amended Complaint, which this Court already has found to be woefully deficient. In particular, despite the fact that the magistrate judge explained that Plaintiff cannot rely on conclusory statements of disparate treatment, that is all Plaintiff offers in this Third Amended Complaint. With the benefit of counsel, Plaintiff merely pleads the conclusion that he was treated differently and fails to plead any facts to support this claim. (See TAC ¶¶ 11, 32, 34, 37, 38, 41, 71, 81). For example, Plaintiff pleads "Horton did not treat at least two similarly situated students of different national origin and race from Plaintiff the same way as Plaintiff." (Id. ¶ 71). Plaintiff, however, fails to provide any facts to support this conclusion. He does not identify these students, how they were similarly situated in all material respects, or when and how these two students purportedly were treated differently. Plaintiff alleges that the statement, "We are answerable to the American taxpayer," is "discriminatory," but again fails to plead facts to support this conclusion. In dismissing the Second Amended Complaint, this Court recognized that "these broad, conclusory allegations of wrongdoing will not suffice." Despite four attempts to state a claim and having the benefit of counsel and this Court's orders, Plaintiff still fails to allege sufficient facts that can be taken as true to state a claim.

Moreover, Count I also fails as it relies on facts, events, and discrete acts that occurred outside of the statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1204 n.32 (11th

15

Cir. 1999) (observing that claims under Title VI are subject to a four-year statute of limitations); cf. Nat'l R.R. Passenger Corp., 536 U.S. at 122 (explaining that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges"). Specifically, in paragraphs 14, 15, 17, 18, 19, 20, 21, 22, 23, Plaintiff relies on events and discrete acts that occurred outside the four-year statute of limitations, and thus Count I is barred, at least in part, by the statute of limitations.

Additionally, in Count I, Plaintiff asserts that he was denied participation in "employment activity," even though he otherwise contends that he was a student, not an employee or applicant, "[a]t all relevant times." (TAC ¶¶ 5, 9). Nonetheless, even if this Count is construed as including the denial of "employment activities," it still fails for two reasons. To the extent that this is a claim related to USF as an employer, the Eleventh Circuit has held that "in order to bring suit under Title VI, an employer must receive federal funds for purposes of providing employment." Jones v. Metro. Atlanta Rapid Transit Auth., 681 F.2d 1376, 1378 (11th Cir. 1982); Russell v. Pub. Health Tr. of Miami-Dade Cty., No. 08-23442-CIV, 2009 WL 936662, at *6 (S.D. Fla. Apr. 6, 2009) ("As pointed out by the Trust, other courts have dismissed Title VI claims when the necessary allegations of federal funds primarily used for employment are missing."). Plaintiff fails to make any such allegations in the Third Amended Complaint. (See TAC ¶ 12). Moreover, any employment claim is preempted by Title VII. See Drisin v. Fla. Int'l Univ. Bd. of Trustees, No. 1:16-CV-24939, 2017 WL 3505299, at *5 (S.D. Fla. June 27, 2017) (finding that the plaintiff's Title IX claim was preempted by Title VII), report and recommendation adopted, No. 16-CV-24939-CIV, 2017 WL 10398209 (S.D. Fla. Sept. 28, 2017); Carvalho-Knighton v. Univ. of S. Fla. Bd. of Trustees, No. 8:14-CV-1097-MSS-TGW, 2015 WL 12938951, at *2 (M.D. Fla. Oct. 13,

16

2015); see also Cannon v. Univ. of Chicago, 441 U.S. 677, 694 (1979) ("Title IX was patterned after Title VI of the Civil Rights Act of 1964.").

As the foregoing demonstrates, Plaintiff has, once again, failed to state a claim under Title VI of the Civil Rights Act. Because Plaintiff has been given four opportunities to state a claim and still has failed to do so, despite the Court's specific instructions on the deficiencies and even with the benefit of counsel, Count I should be dismissed with prejudice.

### 3. Count II Fails to State a Retaliation Claim

As in the Second Amended Complaint, which the Court already dismissed for failure to state a claim, Plaintiff, in the Third Amended Complaint, still fails to plead facts to show that he engaged in protected activity under Title VI or that there is a causal nexus for any such claim. In particular, Plaintiff only alleges that he complained of discrimination to outside individuals and entities. (See TAC ¶ 96). While he generally alleges that he previously complained, he does not allege the content of those complaints. (See TAC ¶¶ 86, 90, 91, 95). Thus, as with the Second Amended Complaint, in the Third Amended Complaint, it is not "even clear what constitutes the protected activity in this case." (R&R at 8). To the extent that Plaintiff is relying on his complaints to outside individuals and entities, Plaintiff does not allege any facts to establish that USF had knowledge of these complaints other than Plaintiff's conclusory assertion that it did. (See TAC ¶ 96). Indeed, Plaintiff alleges that he "engaged in protected activities of studying in his courses and appealing his wrongful failing grade for alleged cheating." (TAC ¶ 99). These actions, however, are not protected activities under Title VI.

Plaintiff's retaliation claim also fails because "it is not clear there was a causal link between the adverse action and the protected activity." (R&R at 8). Indeed, Plaintiff does not identify when he purportedly made the complaints of discrimination to these outside individuals and

entities or engaged in any other protected activity. Thus, it is impossible to conclude that there is a plausible claim of retaliation. Indeed, he alleges that the adverse action was "fac[ing] disparate treatment and his appeal in the course cheating accusation was wrongfully denied." (TAC ¶ 100). As set forth above, Plaintiff, however, has not identified any facts to support a claim of disparate treatment. Moreover, his grade appeal was denied on June 22, 2017, and Plaintiff does not establish *any* temporal connection between his alleged protected activity and these actions.

As a result, Plaintiff has, once again, failed to establish a claim of retaliation under Title VI of the Civil Rights Act of 1964. Count II must be dismissed with prejudice for the same reason as Count I.

### III.  Conclusion

WHEREFORE, Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, respectfully requests that the Court grant this Motion to Dismiss, dismiss Plaintiff's Third Amended Complaint, and provide all other relief deemed appropriate and just.

Dated this 11th day of January, 2021.

          Respectfully submitted,

          **s/*Sacha Dyson*** _____
          THOMAS M. GONZALEZ
          Florida Bar No. 192341
          thomas.gonzalez@gray-robinson.com
          SACHA DYSON
          Florida Bar No. 509191
          sacha.dyson@gray-robinson.com
          GRAYROBINSON, P.A.
          401 E. Jackson Street, Suite 2700
          P.O. Box 3324 (33601-3324)
          Tampa, Florida 33602
          Telephone: (813) 273-5000
          Fax: (813) 273-5145
          Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:  Kevin F. Sanderson, counsel for Plaintiff.

                                       *s/Sacha Dyson*
                                       Attorney