UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDUL REHMAN FARRUKH

    Plaintiff,

v.                                    Case No. 8:20-cv-73-VMC-TGW

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.

_____/

**ORDER**

    This matter comes before the Court upon consideration of Defendant University of South Florida Board of Trustee's ("USF") Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. # 46). USF argues, and the Court agrees, that the third amended complaint (Doc. # 39) is an impermissible shotgun pleading. Therefore, for the reasons set forth below, the Court grants USF's Motion (Doc. # 46), dismisses the third amended complaint as a shotgun pleading, and grants Plaintiff Abdul Rehman Farrukh, until March 5, 2021, to file a fourth amended complaint.

## I.   **Background**

    On January 10, 2020, Farrukh initiated this action and moved for leave to proceed in forma pauperis. (Doc. ## 1, 2). The motion for leave to proceed in forma pauperis was referred

to Magistrate Judge Thomas G. Wilson. Farrukh filed an amended complaint on January 21, 2020, alleging six counts against USF. (Doc. # 5). Farrukh is a Pakistani national, and the crux of his claims is that USF and its employees mistreated him based on his race while he was a student pursuing an engineering degree. (Id.).

On April 2, 2020, Judge Wilson filed a report and recommendation on the motion to proceed in forma pauperis. (Doc. # 16). In the report, Judge Wilson categorized the amended complaint as "a form of a shotgun complaint because of the incorporation of paragraphs from prior counts in each subsequent count." (Id. at 3). Judge Wilson further noted that the pleading did not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure. (Id. at 2). The amended complaint "[threw] plural claims into each count" in violation of Rule 10 and asserted "mostly conclusory allegations of wrongdoing" absent any specific factual support in violation of Rule 8. See Fed. R. Civ. P. 10(b) ("[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."); Fed. R. Civ. P. 8(a)(2) (requiring a "short and plaint statement of the claim showing the pleader is entitled to relief").

Accordingly, Judge Wilson recommended the amended

complaint be dismissed without prejudice and the motion for leave to proceed in forma pauperis be deferred pending an opportunity for Farrukh to file a second amended complaint stating a cognizable claim. (Doc. # 16 at 8). The Court adopted the report and recommendation and granted Farrukh leave to file a second amended complaint. (Doc. # 20).

Farrukh filed a second amended complaint on June 5, 2020, (Doc. # 25). Judge Wilson filed a second report and recommendation on the pending motion to proceed in forma pauperis, wherein he concluded that the second amend complaint remained a shotgun pleading. (Doc. # 30 at 4). Judge Wilson also noted that the second amended complaint still contravened Rule 8, as the allegations supporting each claim were "conclusory and unsupported," and some were "simply baseless." (Id. at 14). Describing the second amended complaint as "woefully deficient," Judge Wilson again recommended that the second amended complaint be dismissed with leave to amend and the motion for leave to proceed in forma pauperis be deferred pending filing of a third amended complaint. (Id. at 4, 15).

The Court adopted the report and recommendation and dismissed the second amended complaint without prejudice. (Doc. # 33). Counsel subsequently filed a notice of appearance

on behalf of Farrukh (Doc. # 38), Farrukh paid the filing fee, and Judge Wilson denied the motion to proceed in forma pauperis as moot (Doc. # 44).

Represented by counsel, Farrukh filed a third amended complaint on November 25, 2020. (Doc. # 39). The third amended complaint alleges race and national origin discrimination in violation of Title VI of the Civil Rights Act of 1964 (Count I), retaliation under Title VI of the Civil Rights Act (Count II), violation of the Florida Educational Equity Act ("FEEA") (Count III), retaliation under FEEA (Count IV), negligent retention (Count V), negligent supervision (Count VI), negligent training (Count VII), and breach of contract (Count VIII). (Id.).

Now, USF moves to dismiss the third amended complaint. (Doc. # 46). USF argues, among other things, that the third amended complaint is a shotgun pleading. (Id. at 12). Farrukh responded on January 25, 2021. (Doc. # 48). The Motion is ripe for review.

## II.  Discussion

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with

4

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Judge Wilson explained why the amended complaint (Doc. # 16 at 3), then the second amended complaint, (Doc. # 30 at 4-5) fell into the first and second categories of shotgun pleadings. Yet the third amended complaint remains riddled with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020).

Furthermore, the third amended complaint still contains counts that incorporate paragraphs from preceding counts. (Doc. # 39 at ¶¶ 102, 106, 120, 125). In Count III, Farrukh

states: "Plaintiff realleges and incorporated into this Count III paragraphs 7 through 84." (Id. at ¶ 102). Yet Paragraphs 7 through 84 are Count I, the claim of race and national origin discrimination. (Id. at ¶ 7). Count IV likewise states: "Plaintiff realleges and incorporated into this Count [IV] paragraphs 85 through 101." (Id. at ¶ 106). Paragraphs 85 through 101 are Count II, the retaliation claim. (Id. at ¶ 85). Lastly, both Count VI and Count VI incorporate paragraphs 109 through 119 (Id. at ¶¶ 120, 125), but those paragraphs are Count V, the negligent retention claim. (Id. at ¶ 109). Incorporating the allegations of previous counts is impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint). Therefore, USF's Motion to Dismiss is granted, and the Court dismisses the third amended complaint as a shotgun pleading.

"Because the [third amended complaint] is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." Madak v. Nocco, No. 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018). However, the Court notes that many of the deficiencies identified by Judge Wilson have not been

rectified in the third amended complaint. Several of the claims lack factual support and rely on broad, conclusory allegations of wrongdoing. (Doc. # 30 at 7).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) USF's Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. # 46) is **GRANTED**. The third amended complaint (Doc. # 39) is **DISMISSED** as a shotgun pleading.

(3) Farrukh may file a fourth amended complaint by **March 5, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE